UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

BOBBY ODUS,

Petitioner,

v.

JANET RENO, Attorney General, and
DORIS MEISSNER, INS,

Respondents.

Civil File No. 01-85 (DSD/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this action be TRANSFERRED to the U.S. District Court for the Western District of Louisiana, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Pine Prairie Correctional Center in Pine Prairie, Louisiana, (hereafter "PPCC"). Although it appears that Petitioner has been convicted of some criminal offense at some time in the past, his petition indicates that he is currently

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. See Rule 1(b).

FILED JAN 25 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

being detained by the United States Immigration and Naturalization Service ("INS"). The petition further indicates that the INS has entered an order directing that Petitioner be removed from the United States. Petitioner is presently attempting to challenge his removal order, claiming (as far as the Court can tell) that he is a "naturalized citizen," and he is therefore not deportable.

## II. DISCUSSION

Because Petitioner is not currently confined in Minnesota, the Court must consider whether Petitioner's application for a writ of habeas corpus can properly be entertained in this District. It is well-settled in this Circuit that "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court." U.S. v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976). It is also well-settled that, for habeas corpus purposes, the term "custodian" normally means the official in charge of the facility where the petitioner is detained -- i.e., the prison warden. McCoy, 537 U.S. at 964 ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated").

Thus, when a person who is being detained by the INS seeks habeas corpus relief, he or she must normally bring an action against the warden at the institution where he or she is confined. Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994), citing Brittingham v. U.S., 982 F.2d 378, 379 (9th Cir. 1992); Guerra v. Meese, 786 F.2d 414, 416-17 (D.C.Cir. 1986).

See also Carvajales-Cepeda v. Meissner, 966 F.Supp. 207, 208 (S.D.N.Y. 1997); Wang v. Reno, 862 F.Supp. 801, 812 (E.D.N.Y. 1994); U.S. ex rel. Sadiku v. INS, No. 95 C 1487 (N.D.Ill. 1995), 1995 WL 215050 at *2 ("[t]he general rule is that the custodian of an immigration detainee is the warden of the facility that has day-to-day control of the detainee"). As the court pointed out in Guerrero-Musla v. Reno, No. 98 Civ. 2779(HB), (S.D.N.Y. May 28, 1998) 1998 WL 273038:

> "The Attorney General is not generally considered the custodian of INS detainees.... 'Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors [of the INS] and prisons.'"

Id. at * 2, quoting Yi, 24 F.3d at 507.

The Court therefore concludes that, for purposes of determining whether jurisdiction exists in this case, neither Respondent Janet Reno, the U.S. Attorney General, nor Respondent Doris Meissner, the Commissioner of the INS, can properly be considered to be Petitioner's "custodian." Instead, Petitioner's custodian for habeas corpus purposes, and the proper respondent for purposes of this action, is the Warden at PPCC.

If the Warden at PPCC were located within this state, so that personal jurisdiction could be exercised over him or her in this District, perhaps there could be a simple substitution of parties, so that the Warden at PPCC would become the named Respondent. However, the Warden at PPCC obviously is not located in this District; he or she must be located in Pine Prairie, Louisiana, which is in the Western District of Louisiana. Because the Warden at PPCC is not located here, he or she is not subject to personal jurisdiction in this District. It follows that the instant petition could not be

entertained here if Petitioner's true custodian for habeas corpus purposes, i.e., the Warden at PPCC, became the named Respondent.

Because the party who should be the Respondent in this habeas corpus action is not amenable to personal jurisdiction in this District, the present petition simply cannot be entertained here. While the action could be dismissed (without prejudice) for lack of jurisdiction, the Court finds that the interests of justice would be better served by transferring this matter to the proper district pursuant to 28 U.S.C. § 1631 -- as was done in Carvajales-Cepeda, (966 F.Supp. at 210), and Guerrero-Musla, (1998 WL 273038 at * 2). It is therefore recommended that the Clerk of Court be directed to transfer this case to the Western District of Louisiana, where the proper Respondent, (i.e., the Warden at PPCC), is located. After the matter has been transferred, the transferee Court can address Petitioner's various submissions as that Court deems appropriate.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this case to the U.S. District Court for the Western District of Louisiana.

DATED: January 24, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Under D.Minn. L. 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 2-9-01, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Court of Appeals.