UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-85 (DSD/FLN)

Bobby Odus,

Petitioner,

v. **ORDER**

John Ashcroft, Attorney General, and Mary Ann Wyrsch, Acting Commissioner of the Immigration and Naturalization Service,[1]

Respondents.

This matter is before the court on petitioner's objections to the report and recommendation of Magistrate Judge Franklin Noel dated January 24, 2001. In his report, the magistrate judge concluded that because petitioner is currently being held in Louisiana on an INS detainer, the court has no jurisdiction over petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. Accordingly, the magistrate judge recommended that this case be transferred to Louisiana. Petitioner objects to the recommended transfer, arguing that the court may exercise jurisdiction over the petition pursuant to its "personal jurisdiction over the Attorney General of the United States."

---

[1] In accordance with Fed. R. Civ. P. 25(d)(1), Ashcroft is automatically substituted for Janet Reno as the respondent in this civil action and Mary Ann Wyrsch is substituted for Doris Meissner.

FILED 3-29-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

The court notes that petitioner's objections are untimely. Moreover, as the magistrate judge clearly explained in his report, the Attorney General is not generally considered the custodian of INS detainees. See Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). Rather, an INS detainee who seeks habeas corpus relief must bring an action against either the warden of the institution where he is confined or the local INS district director responsible for the district of confinement. See id.; United States ex rel. Sadiku v. INS, 1995 WL 215050 (N.D. Ill. Apr. 11, 1995). Because petitioner is being detained in Pine Prairie, Louisiana, the magistrate judge correctly concluded that this matter should be transferred to the District Court for the Western District of Louisiana.

Petitioner has also filed: (1) a motion entitled "Emergency Motion and Equitable Estoppel and Writ of Mandamus," which reprises the arguments contained in his § 2241 petition, and (2) a "Motion Against Transfer of the Writ", which merely repeats his objections to the report and recommendation. Having determined that the court lacks jurisdiction over this case, the court must leave it to the district court in Louisiana to summarily address these motions.

Accordingly, based on a de novo review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that this case is

transferred to the United States District Court for the Western District of Louisiana.

Dated: March 28, 2001

David S. Doty, Judge
United States District Court